UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KRISTEN CAMPBELL,

    Plaintiff,

v.                                                      Case No: 6:17-cv-1037-Orl-TBS

RENE BRIERE,

    Defendant.
_____

## ORDER

This case comes before the Court without a hearing on the Unopposed Motion to Extend Case Management Deadlines (Doc. 27). The parties are reminded that Case No. 6:17-cv-1036-Orl-TBS is the lead case, and thus, the case in which the motion should have been filed.

Defendant seeks, and Plaintiffs do not oppose, a 60 day extension of all case management deadlines. As grounds, Defendant states:

> 5. Despite diligent efforts in issuing subpoenas, Defendant has not received all requested records and does not believe it will have all requested records in time to meaningfully comply with this Court's case management deadlines, notably this Court's May 7, 2018 expert disclosure deadline. The pendency of outstanding records also prejudices Plaintiffs' ability to effectively prepare its case and meet its case management deadlines.

(Id., ¶ 5).

The Case Management and Scheduling Order ("CMSO") governing these cases provides:

> **1. Dispositive Motions Deadline and Trial Not Extended**-Motions to extend the dispositive motions deadline or to continue the trial are generally denied. *See* Local Rule

> 3.05(c)(2)(E). The Court will grant an exception only when necessary to prevent manifest injustice. A motion for a continuance of the trial is subject to denial if it fails to comply with Local Rule 3.09. The Court cannot extend a dispositive motion deadline to the eve of trial. In light of the district court's heavy trial calendar, at least four months are required before trial to receive memoranda in opposition to a motion for summary judgment, and to research and resolve the dispositive motion.
>
> **2. Extensions of Other Deadlines Disfavored-**Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. The deadline will not be extended absent a showing of good cause. FED. R. CIV. P. 16(b); Local Rule 3.09(a). Failure to complete discovery within the time established by this Order shall not constitute cause for continuance. A motion to extend an established deadline normally will be denied if the motion fails to recite that: 1) the motion is joint or unopposed; 2) the additional discovery is necessary for specified reasons; 3) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 4) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 5) no party will use the granting of the extension in support of a motion to extend another date or deadline. The filing of a motion for extension of time does not toll the time for compliance with deadlines established by Rule or Order.

(Doc. 27 at 6).

These requirements are consistent with FED. R. CIV. P. 16(b)(4) which provides that the CMSO "may be modified only for good cause and with the judge's consent." The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). The motion for extension of time does not demonstrate good cause, let alone show that denial will result in manifest injustice. Therefore, the motion is **DENIED**. The Court will entertain motions to extend the expert disclosure and discovery deadlines but absent a compelling showing, will not extend the other CMSO deadlines.

**DONE** and **ORDERED** in Orlando, Florida on April 6, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

> Counsel of Record
> Unrepresented Parties